## Ligare v. Chicago, M. & N. R. Co.

1. EMINENT DOMAIN—*Deposits in Condemnation Proceedings—Possession of Land upon Deposits Made.*—Pending an appeal by the defendant in a condemnation proceeding, the appellee, a railroad company (a stranger to the suit), under the order of court that the plaintiff might make a deposit and take possession of the premises, made the deposit itself and took possession. The judgment of condemnation was reversed, but the cause was not remanded. In the meantime, the plaintiff in the condemnation proceedings obtained the possession of a lease of the premises, which had been made by the defendant to a third person and by him assigned in blank, and took possession of the premises under it. Upon a motion by the railroad company to withdraw its deposit, *it was held* that as the defendant was not himself entitled to the possession of the premises, having leased them, the railroad company might withdraw its deposit without restoring to him the possession of the premises obtained under the order of court.

**Memorandum.**—Condemnation proceedings. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, pre-

siding. Heard in this court at the October term, 1892, and affirmed. Opinion filed February 1, 1893.

## Statement of the Case.

This was an application by appellee for an order of court to enable it to recover back a deposit made pursuant to an order theretofore entered in the case of the City of Chicago v. George G. Ligare. Under two ordinances of the city council of Chicago a condemnation suit was begun by the city against Ligare and others. Judgment of condemnation having been entered against Ligare's land, he took an appeal to the Supreme Court, where the ordinances were adjudged invalid as a basis for the exercise of the right of eminent domain, and the judgment accordingly reversed.

That the land might be taken notwithstanding the appeal of Ligare, appellee made a deposit, as provided in the judgment order, of a certificate for $35,000, with the clerk of the Superior Court, and upon the reversal of the judgment applied to the court by its petition for the return of the fund.

Appellant waived service of process and moved to strike the petition from the files because filed without leave.

This motion was overruled, and exception taken by Ligare.

Appellant, then protesting that the court should have dismissed the petition on motion, demurred and showed special causes of demurrer.

The court overruled the demurrer, and appellant stood by his demurrer.

The court then heard the case upon the evidence exhibited, and ordered the return of the certificate to the Trust Co. and the payment of the $35,000 to appellee.

The order in the condemnation suit under which said certificate was deposited, provided that the petitioner in that suit, the City of Chicago, might take possession of the premises upon condition that it deposit the sum of $35,000 with the Merchants' Loan and Trust Company, of Chicago, to be paid to the defendant, appellant, or the persons legally entitled thereto, on the final decision or settlement

of that suit, or returned to the petitioner, or the party making such deposit, if it should be entitled thereto.

Upon the hearing of this motion it appeared that appellee in March, 1886, made a lease to the Joliet Stone Co., running to April 30, 1896, of the premises afterward sought to be condemned; that the Joliet Stone Co. assigned said lease in blank and the same is now held by appellee.

C. C. Bonney and Lyman M. Paine, attorneys for appellant.

Elbert H. Gary, attorney for appellee.

Opinion of the Court, Waterman, J.

Appellant insists that appellee obtained possession of his premises under an order of court, by making a deposit of $35,000; that appellant is still in possession, and although its occupancy so obtained is no longer lawful, the condemnation suit, by a reversal, without being remanded, having come to an end, and so the condition under which the deposit was to be returned to the City of Chicago or the party making such deposit, if entitled thereto, having happened, yet appellee should not be allowed to take such deposit until possession of the premises is surrendered to him, appellee.

Upon the hearing of this motion, appellee offered, as did the City of Chicago, to consent to the payment of $35,000 to appellant, if he would accept the same as payment of compensation for the property involved in the condemnation case; but he refused to accept it.

So far from its appearing that appellant is now entitled to the possession of these premises directly, the contrary was shown. Appellant, by demurring thereto, admitted the truth of the allegations of the petition, asking that the certificate for $35,000 be turned over to appellee; that petition sets forth that neither the City of Chicago, petitioner, nor any other person is in possession of said premises by virtue of the judgment in said condemnation suit, or proceedings in said Superior Court; "that said city is in possession of said premises, but such possession is held solely by virtue of

a lease of said premises made by Ligare (appellant), and running until May, 1896, or later."

So far as being entitled to demand that as a condition to the return of said $35,000 to the person entitled thereto, he should be restored to the possession of said premises, appellant is in the same position he would be had he sold and conveyed the same; he refused to abide by the judgment in the condemnation suit appealed therefrom, and secured a reversal thereof; that proceeding being now forever at an end, because appellant refused to accept the $35,000 therein awarded to him, he can not claim any rights thereunder. Neither the city nor appellee are claiming anything by virtue of that suit. The right, possession and claim to said premises adverse to appellant is entirely under a lease voluntarily made by appellant. There is no reason why a large sum of money deposited under an order in litigation, under which no one is claiming any right, should longer be tied up and kept from those to whom it belongs.

If appellant desires to claim that the lease of the premises by him made is no longer operative, or that the possession of the city or the occupancy of the premises is unlawful, there is nothing to hinder his asserting and maintaining his rights in a proper proceeding, but there is no reason why he should be allowed to keep the rightful owner of this money out of that to which he, appellant, has no claim.

The order of the Superior Court will be affirmed.